COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 MR. YAMAHA, INC., TRACY MCINTYRE AND GENE MCINTYRE,
 
 
 §
 
 
  
 
 
 
 
  
 
 
 §
 
 
 No. 08-11-00295-CV
 
 
 
 
 Appellants,
 
 
  
 
 
  
 
 
 
 
  
 
 
 §
 
 
 Appeal from the
 
 
 
 
 v. 
 
 
  
 
 
  
 
 
 
 
  
 
 
 §
 
 
 34th Judicial
 District Court
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
 
 
 
 MICHAEL MCINTYRE AND LAURA MCINTYRE,
 
 
 
 
 
 
 §
 
 
 of El Paso
 County, Texas
 
 
 
 
 Appellees.
 
 
  
 
 
 (TC# 2006-316)
 
 
 
 
  
 
 
 §
 
 
  
 
 


 

MEMORANDUM OPINION

 

            On December 8, 2011, the Court
granted an agreed motion to abate this appeal to allow the parties to finalize
their settlement of this dispute.  Appellants,
Mr. Yamaha, Inc., Tracy McIntyre, and Gene McIntyre, and Appellees, Michael
McIntyre and Laura McIntyre, have since filed an agreed motion to vacate the
trial court’s judgment and dismiss the appeal because the parties have settled
all matters in controversy.  We therefore
reinstate the appeal.  Because we
conclude that we are not authorized to grant all of the relief requested by the
joint motion, we grant the motion in part and deny in part.

            Rule 43.2 specifies the types of
judgments a court of appeals is authorized to enter. Tex.R.App.P. 43.2.  It
provides that a court of appeals may:

(a)
affirm the trial court’s judgment in whole or in part;

(b)
modify the trial court’s judgment and affirm it as modified;

(c)
reverse the trial court’s judgment in whole or in part and render the judgment
that the trial court should have rendered;

(d)
reverse the trial court’s judgment and remand the case for further proceedings;

(e)
vacate the trial court’s judgment and dismiss the case; or

(f)
dismiss the appeal.

Rule 43.2(e)
authorizes an appellate court to vacate the trial court’s judgment and dismiss
the underlying suit.  Under Rule 43.2(f),
we are authorized to dismiss the appeal.

The agreed motion requests that we vacate the trial court’s judgment, but
it does not request that we dismiss the underlying suit.  Instead, the parties request that we dismiss
the appeal.  We do not have authority,
however, to both dismiss the appeal and vacate the trial court’s judgment
because the two actions are incompatible. 
See Smith and Marrs, Inc. v. D.K.
Boyd Land and Cattle, Co., 224 S.W.3d 270 (Tex.App.--El Paso 2005, no
pet.); Kisler v. Coldwell, 201 S.W.3d
187, 187-88 (Tex.App.--El Paso 2006, no pet.).  Rather than denying the agreed motion
outright, we will grant the request to vacate the trial court’s judgment and
remand the cause for further proceedings as may be necessary to effectuate the
parties’ agreement.  We deny the request
to dismiss the appeal.  In accordance
with the parties’ motion, we assess costs against the party incurring same.  See
Tex.R.App.P. 42.1(d).

 

                                                                        GUADALUPE
RIVERA, Justice

January 25, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.